## No. 25-60605

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Pieter Teeuwissen; Anthony R. Simon; Simon & Teeuwissen, P.L.L.C.,

Plaintiffs - Appellees

v.

Hinds County, Mississippi, by and through its Board of Supervisors,

Defendant – Appellant

---

On Appeal from
United States District Court for the Southern District of Mississippi (Northern)
Case No. 3:22-cv-00009-CWR-LGI

---

## BRIEF OF APPELLANT HINDS COUNTY, MISSISSIPPI

---

SUBMITTED BY:

Charles Cowan (MB #104478)
Rebecca Hawkins (MB #8786)
Jack F. Hall (MB #106482)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651, Jackson, MS 39205
401 E. Capitol St., Heritage Bldg., Suite 600, Jackson, MS 39201
Telephone:  601-968-5500
Facsimile:  601-944-7718
cec@wisecarter.com
rwh@wisecarter.com
jfh@wisecarter.com
*Attorneys for Defendant – Appellant Hinds County, Mississippi*

# CERTIFICATE OF INTERESTED PERSONS
No. 25-60605

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR. Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| Anthony Simon, Pieter Teeuwissen, and Simon & Teeuwissen, P.L.L.C. | Michael Jaques of Gainsburgh Benjamin David Meunier & Warshauer, P.L.L.C. Ridgeland, MS |

| Appellant: | Counsel for Appellants: |
| --- | --- |
| Hinds County, Mississippi | Charles E. Cowan, Rebecca Hawkins, Jack Hall, Katelyn D. Foster, and John P. Sneed of Wise Carter Child & Caraway, P.A. Jackson, MS; Barbara Blackmon, Edward Blackmon, Jr., and Bradford Blackmon of Blackmon & Blackmon, PLLC Canton, MS |

| Other Interested Parties: | Counsel for Interested Parties: |
| --- | --- |
| Mississippi Association of Supervisors Insurance Trust, Defendant | Robert J. Dambrino III and Wesley C. Pinson of Gore, Kilpatrick & Dambrino PLLC Grenada, MS |
| David Archie, Credell Calhoun, and Robert Graham, Defendants | Jamie D. Travis, Justis R. Gibbs, and Terry Wallace of Gibbs Travis PLLC Jackson, MS |

*/s/ Charles E. Cowan*
CHARLES E. COWAN
Attorney of record for Appellant

i

## STATEMENT REGARDING ORAL ARGUMENT

This case involves the District Court's holding that Defendant Hinds County, Mississippi waived an affirmative defense to breach of contract claims brought against it by Plaintiffs, its former attorneys, under two legal services contracts. The fee provisions on which Plaintiffs' claims rely violate Mississippi law and the Mississippi Rules of Professional Conduct and, therefore, are illegal and unenforceable. Finding waiver, the District Court granted Plaintiffs summary judgment, requiring Hinds County, a political subdivision of the State of Mississippi, to pay Plaintiffs public funds based on unlawful and unethical provisions in Plaintiffs' legal services contracts. Appellant Hinds County seeks a reversal of the District Court's erroneous denial of its Motion for Summary Judgment and reversal of the summary judgment entered in Plaintiffs' favor. Both summary judgment motions should be reviewed by the District Court together on remand. Because Hinds County believes the Court could benefit from oral argument of these issues, it respectfully requests oral argument here.

*/s/ Charles E. Cowan*
CHARLES E. COWAN
Attorney of record for Appellant

ii

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ...............................................ii

TABLE OF CONTENTS ................................................................................. iii

TABLE OF AUTHORITIES ..............................................................................v

INTRODUCTION.............................................................................................1

JURISDICTIONAL STATEMENT.......................................................................4

STATEMENT OF THE ISSUES.........................................................................4

STATEMENT OF THE CASE ...........................................................................5

     I.     Relevant Facts. ............................................................................5

         A. The Board Attorney Contract. .......................................................5

         B.  The Special Legal Counsel Contract. ..............................................6

     II.    Procedural History. ......................................................................8

SUMMARY OF THE ARGUMENT...................................................................13

ARGUMENT ...............................................................................................15

     I.     Standard of Review. ...................................................................15

     II.    The District Court erred by finding that the County waived its illegality defense. ..................................................................16

     III.   The District Court erred by holding that the County's Motion for Summary Judgment was moot. .................................................24

     IV.   The District Court erred by granting Plaintiffs' Motion for Partial Summary Judgment. ..........................................................26

CONCLUSION .................................................................................................26

CERTIFICATE OF SERVICE.........................................................................28

CERTIFICATE OF COMPLIANCE ................................................................29

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Adams v. Unione Mediterranea Di Sicurta*
220 F.3d 659 (5th Cir. 2000)......................................................................25

*Allianz Versicherungs, AG v. Profreight Brokers Inc.*
99 F. App'x 10 (5th Cir. 2004)............................................................. 19-20

*Allied Chem. Corp. v. Mackay*
695 F.2d 854 (5th Cir. 1983)......................................................................13

*Clemons v. U.S.*
2013 WL 3943494 (S.D. Miss. June 13, 2013)........................................21

*DeOtte v. State*
20 F.4th 1055 (5th Cir. 2021)........................................................ 14, 24-25

*Eddy v. Virgin Islands Water and Power Auth.*
256 F.3d 204 (3d Cir. 2001)......................................................................15

*Ferrara Land Mgmt. Miss., LLC v. Landmark Am. Ins. Co.*
2021 WL 5053526 (S.D. Miss. July 7, 2021) .........................................20

*Forby v. One Techs., L.P.*
13 F.4th 460 (5th Cir. 2021)......................................................................25

*Giles v. General Elec. Co.*
245 F.3d 474 (5th Cir. 2001).....................................................................19

*Lubke v. City of Arlington*
455 F.3d 489 (5th Cir. 2006)................................................................ 19-20

*Motion Med. Techs, L.L.C. v. Thermotek, Inc.*
875 F.3d 765 (5th Cir. 2017)............................................... 13-14, 19-20

*Murray v. Crossmark Sales, Inc.*
163 F. App'x 339 (5th Cir. 2006)..............................................................15

*Pasco ex rel. Pasco v. Knoblauch*
566 F.3d 572 (5th Cir. 2009)..........................................13-15, 17, 19, 21-22, 24-25

*Rifenburg Const., Inc. v. Hatch Mott McDonald, LLC*
2015 WL 2381136 (S.D. Miss. May 19, 2015).......................................................20

*Rogers v. McDorman*
521 F.3d 381 (5th Cir. 2008)................................................................. 21-22

*Skipper v. A&M Dockside Repair, Inc.*
829 F. App'x 1 (5th Cir. Sep. 16, 2020)..................................................................20

*Smith v. Travelers Cas. Ins. Co. of Am.*
932 F.3d 302 (5th Cir. 2019).........................................................................15, 17

*Stringer v. Herbert*
71 F. App'x 341 (5th Cir. 2003).............................................................................15

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*
315 F.3d 533 (5th Cir. 2003)................................................................... 17-18

*Teeuwissen v. Hinds County, Miss.*
78 F.4th 166 (5th Cir. 2023)..................................................... 8-9, 11-13

*Tollett v. City of Kemah*
285 F.3d 357 (5th Cir. 2002)..........................................................................16, 24

*Walton v. City of Verona*
82 F.4th 314 (5th Cir. 2023)..................................................................................20

**Statutes & Rules**

28 U.S.C. § 1331 ........................................................................................................4

28 U.S.C. § 1343 ........................................................................................................4

28 U.S.C. § 1367 ........................................................................................................4

42 U.S.C. § 1983 ....................................................................................................4, 8

42 U.S.C. § 1988 ........................................................................................4, 8

Miss. Code Ann. § 19-3-47 .......................................................... 5-6, 8-9

Fed. R. Civ. P. 8 ........................................................... 13, 16-17, 22

Fed. R. Civ. P. 54 ............................................................... 3-4, 13

Miss. R. Prof. Con. 1.5 ...............................................................2

Miss. R. Prof. Con. 1.16 ..............................................................2

5th Cir. R. 28.4 .........................................................................25

**INTRODUCTION**

This case involves two fundamental principles that have long governed the attorney-client relationship in Mississippi. The first principle is that clients may terminate the attorney-client relationship, thereby discharging their attorneys at any time. The second principle is that attorneys may only be paid a fee that they have earned for their work up to the time the client terminates the representation. The District Court's Order ultimately enforced two legal services contracts that violate both principles, finding that Hinds County, Mississippi (the "County") waived its illegality defense to its former attorneys' claims for breach of contract. The District Court found the County waived this illegality defense by failing to raise that defense in its Answer and denied the County's Motion for Leave to Amend its Answer, which sought to raise this defense. The District Court further denied the County's Motion for Summary Judgment as moot based on its denial of leave to amend. Simply put, the District Court erred because this Court only finds waiver of an affirmative defense in the most extreme circumstances. This is especially true when an affirmative defense is raised for the first time at the summary judgment stage, which Fifth Circuit case law says is routinely a "pragmatically sufficient" time for defendants to raise affirmative defenses based on legal questions.

To begin with the relevant factual history, the County entered into one-year term contracts with its then Board Attorney, Pieter Teeuwissen, and his private law

1

firm, Simon & Teeuwissen, P.L.L.C. (collectively, "Plaintiffs"), for the provision of legal services to the County. Each contract contained two provisions—relied on by Plaintiffs—that are illegal and unenforceable under Mississippi law. The first provision stated that Plaintiffs could only be terminated for cause and with forty-five days' notice. This anti-termination clause in a legal services contract is per se unlawful and unenforceable under Rule 1.16(a) of the Mississippi Rules of Professional Conduct ("MRPC") and other well-established Mississippi law. The second provision contained a liquidated damages clause requiring the County pay Plaintiffs an entire year's fees even if, as it happened, the County terminated Plaintiffs' representation before they performed the requisite legal work necessary to earn the pertinent fees. That provision violated MRPC Rule 1.5 and Mississippi common law that prohibits attorneys from collecting unearned fees.

After the County's newly elected Board of Supervisors voted to terminate these two contracts just three months into the twelve-month terms, Plaintiffs sued, asserting state-law breach of contract claims and claims that the County denied them substantive and procedural due process under the U.S. Constitution. The County ultimately moved for summary judgment on Plaintiffs' contract claims because those claims were premised on the two unlawful provisions discussed above. It also moved to amend its Answer because it had not initially pleaded contract illegality as an affirmative defense.

The District Court denied the County's Motion to Amend its Answer to include its illegality defense and without further explanation denied the County's competing Motion for Summary Judgment (raising the illegality defense) as "moot." In its Order, it never mentioned waiver. The County filed its Motion for Reconsideration, noting that Fifth Circuit precedent had rejected arguments that a defendant raising an affirmative defense for the first time at the summary judgment stage—or even later—has waived that defense. The County contended the District Court should have considered its illegality defense or at least explained why it waived that defense since the Court's Order never mentioned waiver. The District Court was not persuaded and denied the County's Motion for Reconsideration. Even in that Order, the District Court still failed to explain why the County waived its illegality defense or why the summary judgment stage of litigation was not a "pragmatically sufficient" time to raise the defense under controlling Fifth Circuit precedent. The District Court later entered a final judgment, under Fed. R. Civ. P. 54(b), against the County in the amount of $281,069.08.

Because the District Court's implicit finding of waiver is contradictory to well-established Fifth Circuit precedent, and because Plaintiffs are not entitled to summary judgment on their claims for breach of contract, the County appeals the judgment entered against it. The County asks this Court to vacate the judgment and remand this case to the District Court to: (1) consider the County's Motion for

3

Summary Judgment on the merits; and (2) reconsider Plaintiffs' Motion for Partial Summary Judgment in the light of the County's illegality defense raised in its proposed amended Answer and asserted in its Motion for Summary Judgment.

## JURISDICTIONAL STATEMENT

Plaintiffs allege claims under 42 U.S.C. §§ 1983, 1988, the Fifth and Fourteenth Amendments of the United States Constitution, and Mississippi state law. ROA.33, 39-45, 134, 141-149. The District Court thus has jurisdiction over the action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

The District Court granted summary judgment for Plaintiffs on their breach of contract claims. ROA.992-998, RE.55-61. On Plaintiffs' motion under Fed. R. Civ. P. 54(b), ROA.1025-1034, the District Court found "no just reason for any delay in the entry [of] final judgment as to Plaintiffs' contractual liability claims," ROA.1726, RE.70, and a final judgment was entered on October 6, 2025, in the amount of $281,069.08.[1]  ROA.1728, RE.31.

The County timely filed its Notice of Appeal in accordance with Fed. R. App. P. 4(a)(1)(A). ROA.1734, RE.29. Jurisdiction is thus proper in this Court under 28 U.S.C. § 1291.

---

[1] On further motion of Plaintiff, ROA.1729-1731, the District Court entered an amended final judgment clarifying the judgment was against the County only. ROA.1733, RE.72.

4

**STATEMENT OF THE ISSUES**

1.    Whether the District Court erred in finding that the County waived its contract illegality defense by failing to raise that defense in its Answer.

2.    Whether the District Court erred in holding that the County's failure to include its contract illegality defense in its Answer mooted its Motion for Summary Judgment.

3.    Whether the District Court erred in granting Plaintiffs' cross Motion for Partial Summary Judgment.

**STATEMENT OF THE CASE**

**I.    Relevant Facts.**

**A.  The Board Attorney Contract.**

In September 2019, Plaintiff Pieter Teeuwissen was serving as the statutorily prescribed board attorney for Hinds County pursuant to a one-year Board Attorney agreement executed the year before.  ROA.787-790.  Teeuwissen presented a new Board Attorney Contract to the County's Board of Supervisors for another one-year term pursuant to Miss. Code Ann. § 19-3-47(1) at a rate of $3,500.00 per month or a "Forty-Two Thousand Dollar[] ($42,000.00) retainer" annually.  ROA.160.  The Board Attorney Contract became effective on October 1, 2019.  ROA.159.  That Contract contained a provision that said the County could only terminate Teeuwissen "for cause," and upon forty-five days' written notice.  ROA.159.  The Contract also

contained a liquidated damages provision, stating that the County would be responsible for the "total [annual] compensation due for the duration of [the] Agreement" in the event the County ended the attorney-client relationship and terminated the Contract early.  ROA.159-160.

A newly elected Board terminated the Board Attorney Contract on January 6, 2020.  ROA.163, 166.  By that time, the County had paid Teeuwissen for his Board Attorney services for the months of October, November, and December 2019, but not for the remaining nine months of the twelve-month term.  ROA.800-801, 807, 809, 812.  *See also* ROA.613 (Affidavit of Plaintiff Anthony Simon stating that County "paid $10,500 of the $42,000 amount due under the Board Attorney contract.").  Teeuwissen later sued, claiming he was entitled to compensation for the remaining nine months of legal services he did not perform under the Board Attorney Contract, amounting to approximately $31,500.00.  ROA.613.

**B.  The Special Legal Counsel Contract.**

As to the second contract at issue, Teeuwissen, as Board Attorney, presented a new contract to the Board to re-employ him and his law partner Anthony Simon pursuant to Miss. Code Ann. § 19-3-47(2) for attorney services as "Special Legal Counsel" for the County.  ROA.184-192.  This Special Legal Counsel Contract had a one-year term commencing October 1, 2019, at a rate of $16,583.33 per month or $199,000.00 annually.  ROA.185-186.  Plaintiffs had already been providing such

services under an earlier version of that contract.  ROA.791-799.  This contract required the two attorneys to provide legal services to the County for various day-to-day activities, ongoing and prospective litigation, and assessments of the County's legal liabilities.  ROA.184, 188-190.  It further provided that the County's monthly payments were to be paid "in exchange for not less than one hundred (100) hours *per month* for all services listed herein."  ROA.186 (emphasis added) (footnote omitted).

This Special Legal Counsel Contract too contained the same problematic provisions stating that Plaintiffs could only be terminated "for cause" upon forty-five days' written notice and that the County would be responsible for the "total [annual] compensation due for the duration of [the] Agreement" in the event the County ended the attorney-client relationship and terminated the contract without cause.  ROA.185.  The County terminated the Special Legal Counsel Contract on January 6, 2020, but paid Plaintiffs for their legal services in the required monthly amounts for the three months they provided legal services (October, November, and December 2019).  ROA.802-806, 808-811.  *See also* ROA.614 (Affidavit of Plaintiff Anthony Simon stating County "paid $49,750 of the $199,000 amount due under the Special Counsel contract").  Plaintiffs' suit seeks payment for the remaining nine months of the Contract during which they provided no legal services to the County, amounting to approximately $149,250.00.  ROA.614.

## II.   Procedural History.

On January 6, 2022, Plaintiffs filed suit against the County and the three members of its Board of Supervisors who voted to terminate the two Contracts. ROA.29-48.  The County answered and moved to dismiss on February 23, 2022. ROA.98-128.  Plaintiffs filed an Amended Complaint five days later adding another defendant, the County's insurer Mississippi Association of Supervisors Insurance Trust ("MASIT").  ROA.129-158.  The County answered that complaint on March 21, 2022.  ROA.270-281.

The Amended Complaint contains three Counts: "Count 1 – Deprivation of Constitutional Rights Cognizable under 42 U.S.C. § 1983 and 42 U.S.C. § 1988"; "Count II – Breach of Contract"; and "Count III – Vicarious Liability."  ROA.141-149.  On May 9, 2022, all Defendants filed a Motion to Dismiss all counts. ROA.317-329.   The District Court granted that Motion[2] on August 8, 2022, ROA.403-407, and Plaintiffs appealed that dismissal to this Court.  ROA.408-409. On August 14, 2023, this Court reversed and remanded the August 8, 2022 Order. *See Teeuwissen v. Hinds County, Miss.*, 78 F.4th 166 (5th Cir. 2023).  A panel of this

---

[2] The District Court held the contracts were voidable because they unlawfully bound successor boards.  It reasoned the Mississippi Legislature had not specifically authorized the binding of successor boards.  ROA.404-405.  Because of that lack of statutory authority, it held Plaintiffs had no property interest to be protected under the United States Constitution because they were entered into by the County without legal authority.  ROA.404-406.  It dismissed Plaintiffs' federal claims, declining to exercise supplemental jurisdiction over the state-law claims. ROA.405-406.

8

Court found that Miss. Code Ann. § 19-3-47 expressly authorized county boards to bind successor boards when entering into one-year term contracts for legal services.[3] *Id.* at 174 ("We hold that § 19-3-47 expressly authorized the board to bind successors, and we therefore REVERSE the district court's final judgment and REMAND for further proceedings."). On remand, the District Court entered a case management order on November 1, 2023. ROA.444-448. The case was set for trial on October 21, 2024. ROA.447. The discovery deadline was May 7, 2024, and motions for joinder of parties to amend pleadings were due by November 30, 2023. ROA.447.

Plaintiffs moved for partial summary judgment "as to the Contractual Liability of Hinds County" on February 23, 2024. ROA.533-628. In the County's Response, filed on March 12, 2024, ROA.637-642, it contended the Special Legal Counsel Contract was illegal because Miss. Code Ann. § 19-3-47(2) provides that "there shall not be both an attorney and a firm of attorneys employed at the same time as the regular attorney for the board." ROA.639-640. The County further argued that the

---

[3] The panel stated "[W]e conclude that the statutory phrase 'by the year' is an express grant of authority that allows the board of supervisors to bind successors-in-office. Because the contract was binding [*i.e.*, on successor boards], Teeuwissen had a protected property interest in the money that the contracts' early-termination provisions guaranteed him under Mississippi law." 78 F.4th at 170-71 (footnote omitted). The prior panel never discussed the County's illegality defense, a which is an unrelated defense that is based on Mississippi law holding certain contract provisions unethical and unenforceable. The prior panel only answered the narrow question of whether the County's Board had statutory authority to bind a successor board in that circumstance.

fact Teeuwissen had the County sign an illegal contract hiring his firm under terms that violated the Mississippi statute was cause for his termination. ROA.641.

On April 2, 2024, undersigned counsel appeared as new counsel for the County. ROA.658-659. One week later, the County filed a Motion to Amend its Answer to assert contract illegality as a defense, ROA.664-702, RE.33-40, noting that it should be allowed to amend its Answer because trial was still over six months away and approximately a month was left in the discovery period. ROA.699-701, RE.37-39. The County contended Plaintiffs would suffer no prejudice because the illegality defense raised only legal questions, so no additional discovery or extension of deadlines was necessary. ROA.699-701, RE.37-39. The County also filed a Motion for Summary Judgment on Plaintiffs' breach of contract claims advancing the illegality defense as to the anti-termination and liquidated damages provisions in the two Contracts. ROA.784-828, RE.41-54.

Rather than defend the legality of those provisions, Plaintiffs asked the Court to forgo responding to the County's summary judgment motion until after the Court ruled on the County's Motion to Amend. ROA.894-897. Plaintiffs incorrectly reasoned that if the County's Motion to Amend was denied, then its summary judgment motion would "be rendered moot by the ruling," and only if amendment were allowed would Plaintiffs "be required to respond to the Motion on substantive legal grounds." ROA.896. The very next day the District Court entered a text-only

10

order granting Plaintiffs' motion for open-ended extension and gave them until "10 days following the Court's order on … Motion for Leave to Amend Answer" to respond to the County's Motion for Summary Judgment if necessary.  ROA.21, RE.21.

On August 16, 2024, a little over three months later, the District Court *sua sponte* stayed the pretrial conference scheduled for September 6, 2024, and the trial scheduled for October 21, 2024,[4] terminating all deadlines and hearings.  ROA.23, RE.23.  On September 3, 2024, the District Court issued its Order granting Plaintiffs' Motion for Partial Summary Judgment, awarding Plaintiffs summary judgment on its breach of contract claims against the County, and denying the County's Motion to Amend.  ROA.992-998, RE.55-61.  The Court's Order found fault in the County's seeking leave to amend "after this action has been pending for some two and a half years."[5]  ROA.996, RE.59.  While the County had filed its Motion to Amend in April 2024 (over two years since the suit's inception), the District Court had granted Defendants' Motion to Dismiss on August 8, 2022, before any discovery or any case management order was entered.  ROA.10-11, RE.10-11.  After a previous panel of

---

[4] To this day, this case still has not been set for trial.

[5] The Court first found that the County had erred in addressing the amendment standard under Rule 15(a) instead of Rule 16(b).  ROA.996, RE.59 (citing Docket No. 87, the County's initial brief, but not mentioning its reply memorandum, which did address Rule 16(b)).

this Court reversed that Order on appeal,[6] this case was remanded in September 2023, and the case management order was entered in November 2023, only then kickstarting discovery. ROA.432-433, 444-448. Thus, most of the case was taken up with the previous appeal, and the County moved to amend its Answer a little over four months into the discovery period. ROA.664-666.

Having denied the County's Motion to Amend, the District Court granted Plaintiffs' Motion for Partial Summary Judgment on its breach of contract claims. ROA.997-998, RE.60-61. It did so based primarily on its denial of the County's Motion to Amend its Answer. ROA.997, RE.60 ("Since the Court has already determined that Defendants will not be able to add the affirmative defense of illegality via amendment, this argument must fail."). The Court further stated that "the Fifth Circuit has already determined that this contract bound the successor Board." ROA.998, RE.61 (citing *Teeuwissen*, 78 F.4th at 172). The Court thus concluded that "[t]here is no further issue in dispute as to contractual liability of Hinds County." ROA.998, RE.61. The Court's Order further denied the County's competing Motion for Summary Judgment, holding that it was "rendered moot by this ruling [*i.e.*, denial of the County's Motion to Amend]." ROA.998, RE.61.

The County promptly moved for reconsideration. ROA.1001-1013. The County cited the District Court's failure to address the County's argument that,

---

[6] *See Teeuwissen*, 78 F.4th at 174.

12

"under Fifth Circuit law, even absent amendment, the County had not waived its illegality contract defense asserted in its summary judgment motion." ROA.1003. *See also* ROA.1035-1041. Over one year passed and on October 6, 2025, the District Court entered its Order denying the County's Motion for Reconsideration.[7] ROA.1718-1727, RE.62-71. The District Court entered a final judgment for $281,069.08 against the County under Fed. R. Civ. P. 54(b).[8] ROA.1733, RE.72. The County timely appealed. ROA.1734, RE.29.

## SUMMARY OF THE ARGUMENT

(1) This Court should reverse the judgment because the District Court erred in finding the County waived its illegality defense by failing to raise it in its Answer. The Fifth Circuit has held that failure to include an affirmative defense in an answer under Fed. R. Civ. P. 8(c) does not necessarily result in waiver of the defense. *See Pasco ex rel. Pasco v Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983). District Courts regularly entertain unpled affirmative defenses at the summary judgment stage, and the Fifth

---

[7] The District Court also erroneously denied the County's 12(c) motion on Plaintiffs' federal claims, which had been pending since April 19, 2024. ROA.738-754, 1722-1725, RE.66-69. In so doing, the Court again stated that "[t]he Parties were bound by the contracts[.]" ROA.1724 (citing to *Teeuwissen*, 78 F.4th at 172). Because that Order is not final, the County has not appealed the denial of its Rule 12(c) motion.

[8] Plaintiffs filed a Motion for Entry of Final Judgment on its breach of contract claims against the County under Fed. R. Civ. P. 54(b). ROA.1025-1028.

13

Circuit has "repeatedly rejected waiver arguments when a defendant raise[s] an affirmative defense for the first time at the summary judgment stage—or even later." *Motion Med. Techs, L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 772 (5th Cir. 2017) (citing several published Fifth Circuit decisions). The District Court provided no reason to disregard this Fifth Circuit precedent and find the County waived its defense in this case.

(2) The District Court further erred in denying the County's Motion for Summary Judgment as moot based on this erroneous finding of waiver. *See DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021) ("A case is moot 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"). A defendant's failure to plead an affirmative defense does not necessarily mean the defense is waived. *See Pasco*, 566 F.3d at 577. Thus, denying the County's Motion to Amend cannot have mooted the County's Motion for Summary Judgment.

(3) Finally, the District Court erred in granting Plaintiffs' Motion for Partial Summary Judgment based on the County's waiver of its illegality defense. Consideration of the merits of the County's illegality defense should have resulted in the denial of Plaintiffs' competing Motion for Partial Summary Judgment.

The County's illegality defense is persuasive, and the Fifth Circuit should reverse the judgment entered in favor of Plaintiffs and remand this matter to the

District Court with instructions to consider the merits of the County's Motion for Summary Judgment in the first instance. If the District Court finds in favor of the County on its illegality defense, that will necessarily result in the denial of Plaintiffs' competing Motion for Partial Summary Judgment.

# ARGUMENT

## I.    Standard of Review.

While a finding of waiver of an affirmative defense is ordinarily reviewed for abuse of discretion,[9] this Court has reviewed the waiver of an affirmative defense *de novo* when the district court's waiver finding forms the basis for a decision on summary judgment. *See Pasco*, 566 F.3d at 577-78.[10] *De novo* review is further appropriate because this Court reviews *de novo* the denial of a motion for summary judgment as moot. *Stringer v. Herbert*, 71 F. App'x 341, 342 (5th Cir. 2003).

---

[9] *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308 (5th Cir. 2019) (citation omitted).

[10] The Court in *Pasco* addressed this "somewhat confusing posture" and adopted *de novo* review. 566 F.3d at 575. The order appealed in *Pasco* encompassed several rulings, one of which is ordinarily reviewed *de novo* (summary judgment) and another which is ordinarily reviewed for abuse of discretion (waiver). *Id.* Because it was clear that the trial court had denied summary judgment because it deemed an affirmative defense waived, this Court held it would review the propriety of the Court's finding of waiver *de novo*. *Id.* at 575-76 (citing *Murray v. Crossmark Sales, Inc.*, 163 F. App'x 339, 341-42 (5th Cir. 2006); *Eddy v. Virgin Islands Water and Power Auth.*, 256 F.3d 204, 208-09 (3d Cir. 2001)).

**II.    The District Court erred by finding that the County waived its illegality defense.**

The District Court erred by finding that the County waived its illegality defense. As stated above, the District Court denied the County's Motion to Amend its Answer. ROA.992-998, RE.55-61. But without providing any analysis of waiver, the District Court further held that the County's Motion for Summary Judgment—based on its illegality defense—was moot. Thus, it appears the District Court adopted the position that affirmative defenses not raised in an operative answer are waived and cannot be raised at summary judgment.[11] Plaintiffs argued exactly this point when they moved to stay their response to the County's Motion for Summary Judgment:

> The defenses asserted by Hinds County in support of its Motion for Summary Judgment have not been plead as a defense to Plaintiffs' Amended Complaint, necessitating the County's Motion for Leave to Amend Answer. If [the County's] Motion for Leave to Amend is denied, [the County's] Motion for Summary Judgment should be rendered moot by the ruling, and if not, Plaintiffs will respond to the Motion on primarily procedural grounds. If [the County's] Motion to Amend is granted, Plaintiffs may be required to respond to the Motion on substantive legal grounds.

ROA.895-896. But again, failure to plead an affirmative defense does not necessarily equal waiver. To find otherwise was erroneous. *See Tollett v. City of Kemah* 285 F.3d 357, 363 (5th Cir. 2002). Thus, the Fifth Circuit should reverse the

---

[11] *See* ROA.1725, RE.69 ("Defendants assert that affirmative defenses can be raised—despite the text of Fed. R. Civ. P. 8(c)—as late as in a motion for summary judgment or even in a pretrial order.").

16

District Court's finding of waiver premised erroneously on the County's failure to plead an affirmative defense in its Answer.

While it is true Fed. R. Civ. P. 8(c) requires defendants to raise affirmative defenses in their answers, a party's failure to do so does not *necessarily* waive a defense. *See Pasco*, 566 F.3d at 577 ("However, [w]here the matter is raised in the trial court in a manner that does not result in unfair surprise…technical failure to comply precisely with Rule 8(c) is not fatal.") (cleaned up). Indeed, "[a]n affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Id.* at 578 (citation omitted). This caselaw shows the District Court erred by apparently equating technical noncompliance with Rule 8(c) with automatic waiver. To be sure, amendment is "one way—***though not the only way***—to preserve an affirmative defense." *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019) (emphasis added) (citation omitted). When addressing potential waiver of an affirmative defense, the Fifth Circuit has rejected "a formalistic approach." *Id.* (citation omitted). Under this standard, it was error for the District Court to equate denial of amendment with waiver.

The District Court's September 3, 2024, Order never mentioned waiver. ROA.992-998, RE.55-61. It never cited any caselaw elucidating the standard for determining waiver of affirmative defenses. While it mentioned prejudice in

17

deciding whether to allow the County to amend its Answer under the four-factor test governing amendment of pleadings once a scheduling order has been entered, it never discussed any prejudice in the context of waiver. ROA.995, RE.58 (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). The District Court stated it would assess "potential prejudice in allowing the amendment[,]"[12] ROA.995, RE.58, and recognized the County's contention that its illegality defense was solely a legal one, requiring no discovery. ROA.996, RE.59. At the same time, it held, without explanation, that the proposed amendment would "reset every current deadline in the case" and noted that by the time it entered its September 3, 2024, Order (almost five months after the County moved to amend), "discovery [had] closed" on May 7, 2024. ROA.996, RE.59. It held that "[t]here is no way to grant amendment without some prejudice to Plaintiffs," and noted that a continuance would require Plaintiffs to refile existing motions "after having incurred existing legal fees."[13] ROA.996, RE.59.

Yet nowhere in the District Court's September 3 Order did it say that its assessment of prejudice in deciding the County's Motion to Amend should constitute

---

[12] In addition to a prejudice factor, the District Court was required to assess the explanation for the untimely motion to amend, the importance of the amendment, and the availability of a continuance to cure prejudice. ROA.995, RE.58 (citing *S&W Enters., L.L.C.*, 315 F.3d at 536).

[13] The District Court did not describe what "motions" it was referencing in its Order. One motion may have been Plaintiffs' earlier filed Motion for Partial Summary Judgment, which contained a seven-page brief with less than one page of legal argument. *See* ROA.453-459. There is no good reason to believe Plaintiffs incurred great cost in filing that motion.

a finding of waiver. Again, the District Court's September 3 Order never mentioned waiver. While the District Court assessed prejudice in the context of the proposed amendment's interference with its scheduling order, untimeliness *on its own* is insufficient to trigger waiver.[14] *See Pasco*, 566 F.3d at 578. And the District Court's reference to incurring legal fees is not a proper basis for finding prejudice in the waiver context anyway. *See Allianz Versicherungs, AG v. Profreight Brokers Inc.*, 99 F. App'x 10, 12 (5th Cir. 2004) ("Allianz provides no authority for its contention that a plaintiff can be prejudiced by incurring more legal fees than it would have incurred if a defense fatal to its claim had been raised earlier.").

Here, it is true the County raised an affirmative defense for the first time at the summary judgment stage based on the illegality of the anti-termination and unearned fees provisions. But the Fifth Circuit has repeatedly rejected findings of waiver when a defendant raises an affirmative defense for the first time at the summary judgment stage. *See Motion Med. Techs, L.L.C.*, 875 F.3d at 772 (noting that this Court has "repeatedly rejected waiver arguments when a defendant raise[s] an affirmative defense for the first time at summary judgment—or even later" and citing several published Fifth Circuit decisions). In fact, the Fifth Circuit has regularly found no waiver in raising affirmative defenses at stages even later than

---

[14] Notably, the County's Motion for Summary Judgment was filed well within the scheduling order's deadline for dispositive motions. ROA.19, 448, 784-828, RE.19, 41-54.

summary judgment, such as in pretrial orders or motions in limine. *See Giles v. General Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (no waiver when defense raised as "a contested issue of law in the joint pretrial order"); *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) (no waiver when defense addressed in pretrial motions in limine); *Allianz Versicherungs, AG*, 99 F. App'x at 12 (no waiver when defense raised in joint pretrial order).

In essence, absent extraordinary circumstances, summary judgment is a "pragmatically sufficient time" to raise an affirmative defense, and the cases buttressing that point are legion. *See Walton v. City of Verona*, 82 F.4th 314, 324 (5th Cir. 2023) (waiver did not occur for affirmative defense raised at summary judgment stage); *Skipper v. A&M Dockside Repair, Inc.*, 829 F. App'x 1, 4 (5th Cir. Sep. 16, 2020) (same). Other district court opinions from the Southern District of Mississippi have recognized this general rule. *See Ferrara Land Mgmt. Miss., LLC v. Landmark Am. Ins. Co.*, 2021 WL 5053526, at *4 (S.D. Miss. July 7, 2021) (holding no waiver for affirmative defense raised at summary judgment stage, "a juncture which the Fifth Circuit has found to be 'pragmatically sufficient'") (citing *Motion Med. Techs, L.L.C.*, 875 F.3d at 772); *Rifenburg Const., Inc. v. Hatch Mott McDonald, LLC*, 2015 WL 2381136, at *4 (S.D. Miss. May 19, 2015) (holding no waiver because plaintiff had "not indicated why [summary judgment] is not a 'pragmatically sufficient time'"). Even this District Court has held in earlier case

20

that a defendant did not waive an affirmative defense when it invoked an affirmative defense it failed to plead until *the drafting of the pretrial order*. *See Clemons v. U.S.*, 2013 WL 3943494, at *6 (S.D. Miss. June 13, 2013) (Reeves, J.).[15]

The case law obviously demonstrates that the threshold for a finding that an affirmative defense is waived is extremely high. This case did not meet that threshold. But again, the District Court never discussed waiver in its operative Order. ROA.992-998, RE.55-61. And even if one assumes the District Court "transplanted" its discussion of potential prejudice to Plaintiffs in the proposed amendment to the County's Answer, this did not fit the waiver analysis required by Fifth Circuit precedent.[16] "[T]he prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every

---

[15] In *Clemons*, the District Court noted that the defense invoked a purely legal issue to be resolved without factual proof. 2013 WL 3943494, at *6.

[16] Even if one accepted this premise, the District Court did not provide an adequate "analysis or description of the prejudice" as it related to Plaintiffs' ability to respond to the defenses raised in the County's Motion for Summary Judgment. *Pasco*, 566 F.3d at 577. It simply stated "[t]here is no way to grant amendment without some prejudice to Plaintiffs." ROA.996, RE.59. The District Court never said Plaintiffs could not adequately respond to the illegality defense. Indeed, it could not make such a finding because the illegality defense raised mere legal questions that could be resolved on straightforward briefing. Yet the District Court relieved Plaintiffs of their obligation to respond to the County's Motion for Summary Judgment via text-only order, *see* ROA.21, RE.21, so no one knows Plaintiffs' position on those contract provisions or how they are lawful under Mississippi law.

affirmative defense is)."[17] *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008).

Indeed, the controlling question for the District Court, which it never answered, is

whether the County raised the defense at a "pragmatically sufficient time" such that

Plaintiffs had sufficient time to respond to the defense before trial. *Pasco*, 566 F.3d

at 578. And to answer this question, district courts must "look at the overall context

of the litigation"; there is "no waiver where no evidence of prejudice exists and

sufficient time to respond to the defense remains before trial." *Id*. at 577.

In *Pasco*, the defense (qualified immunity in that case) was raised "two

months before discovery was due and six months before the pretrial conference." *Id*.

at 578. The plaintiff there proved he could fully respond to the subject defense in

the district court and had time to brief the legal issues. *Id*. As in *Pasco*, here there

was no prejudice in Plaintiffs' ability to respond to the County's illegality defense.

Plaintiffs offered nothing to show that they were hamstrung in responding to the

legal questions raised in the County's Motion for Summary Judgment. The County

raised its defense via proposed amendment on April 9, 2024, ROA.664-702, RE.33-

40, and discovery did not end until May 22, 2024. ROA.21, RE.21. At that time,

trial was well over six months away, ROA.447, and the District Court ultimately

stayed the trial indefinitely. ROA.23, RE.23. Even now, there is no current trial

---

[17] "This is consistent with the Supreme Court's interpretation of the purpose of Rule 8(c), which is to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply." *Pasco*, 566 F.3d at 577-78.

date set.  Simply put, there has never been any coherent explanation of why Plaintiffs cannot have responded to the purely legal defense of contract illegality within the ample time left in the case before a trial that has not even been set yet.

In arguing waiver, Plaintiffs hung their hat on the County's failure to meet the Court's deadline to amend pleadings.  But there was no proof Plaintiffs needed discovery to respond to the County's contract illegality defense, and the District Court itself reset *all* substantive case deadlines shortly before issuing its September 3, 2024, Order denying the County's Motion to Amend and Motion for Summary Judgment as moot.[18]  ROA.23, RE.23.

In any event, as we sit here today, there still is no trial scheduled in this case and multiple other dispositive and procedural motions remain pending before the District Court.  *See* ROA.26-27, RE.26-27.  It has now been more than a year-and-a-half since the County filed its Motions to Amend and for Summary Judgment and this case is no closer to trial.  Plaintiffs' claims of prejudice in responding to the illegality defense continue to wane with the passage of time.

To conclude, the District Court's implicit finding of waiver is particularly problematic here because of its effect.  These important issues of attorney ethics involving public funds have not gotten the attention they deserve.  And as it stands,

---

[18] And before that time, the District Court by text-only order had extended other deadlines the parties requested.  ROA.21, RE.21 (discovery and motions deadlines extended).

23

the taxpayers of Hinds County will be required to foot the bill to pay fees for legal services Plaintiffs did not provide. Those are legal fees that, under controlling Mississippi law, Plaintiffs are not entitled to collect because the fees are for services they did not perform. Thus, the District Court's finding of waiver based on the County's technical failure to raise the affirmative defense in its Answer, based on an erroneous view of the law, is particularly problematic. *See Tollett*, 285 F.3d at 363. The District Court should have analyzed the specific facts of this case, the legal nature of the illegality defense, the absence of additional discovery necessary to litigate that defense, and the absence of prejudice to Plaintiffs to decide whether the County waived the defense. *See Pasco*, 566 F.3d at 577. All those factors prove summary judgment was a "pragmatically sufficient time" to raise the contract illegality defense, and the District Court erred in finding waiver. *Id.*

## III. The District Court erred by holding that the County's Motion for Summary Judgment was moot.

The District Court erred by holding that the County's Motion for Summary Judgment was moot based on waiver of its illegality defense. The District Court concluded that the denied amendment mooted the County's Motion for Summary Judgment, which argued for dismissal based on the illegality defense. ROA.998, RE.61. This was error because, as discussed above, merely denying the proposed amendment did not equate to waiver, nor did it render the County's Motion for Summary Judgment moot. *See DeOtte*, 20 F.4th at 1064 (mootness is caused by the

24

absence of a live controversy). The District Court should have assessed the merits of the County's Motion for Summary Judgment absent an express finding of waiver.

Here, the correct route is to reverse the District Court's denial of the County's Motion for Summary Judgment and remand this matter to the District Court with instructions to consider the merits of the County's illegality defense. In appeals like this one, this Court's normal course is to reverse the waiver finding and remand for the District Court to assess its validity in the first instance.[19] *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 670 (5th Cir. 2000) (reversing a finding of waiver of an affirmative defense and remanding for the district court to determine the substantive validity of the defense); *Forby v. One Techs., L.P.*, 13 F.4th 460, 467 (5th Cir. 2021) (reversing district court's ruling that defendant waived right to seek arbitration of claims against it and remanded for further proceedings).

The County has persuasive arguments in support of dismissal of Plaintiffs' contract claims, and those arguments should be heard. Consequently, the Fifth Circuit should reverse and remand the District Court's judgment with instructions to address the merits of the County's Motion for Summary Judgment.[20]

---

[19] In *Pasco*, this Court reversed the finding of waiver and reached the merits of the qualified immunity defense. 566 F.3d at 575. But it did so because the District Court had ruled on the defense's merit below, rendering that ruling ripe for review. *Id.* at 579.

[20] If the Court wishes to take a different approach from its case law and rule on the merits of the County's defense in the first instance, arguments on the merits of the waived defense can be received via supplemental briefing consistent with the Court's plenary power to order such under Fifth Circuit Rule 28.4.

**IV.** **The District Court erred by granting Plaintiffs' Motion for Partial Summary Judgment.**

The District Court erred by granting Plaintiffs' Motion for Partial Summary Judgment based on waiver.  The District Court granted summary judgment on the underlying amounts of the contracts at issue here because of its implicit finding that the County waived its illegality defense.  ROA.997-98, RE.60-61.  Consequently, the District Court erred in granting Plaintiffs partial summary judgment as to the underlying contract amounts based on waiver.

## CONCLUSION

The District Court erred as a matter of law in finding that the County waived its illegality defense upon denial of amendment and, thus, further erred by denying the County's Motion for Summary Judgment as moot and granting Plaintiffs' Motion for Partial Summary Judgment.  The Fifth Circuit should reverse the District Court's judgment and remand this matter to the District Court to consider the merits of the County's Motion for Summary Judgment.  It should further reverse the District Court's grant of Plaintiffs' Motion for Partial Summary Judgment so it can be reviewed anew along with the County's competing Motion.

Respectfully submitted, this the 5th day of January, 2026.

**HINDS COUNTY, MISSISSIPPI,**
**APPELLANT**

By:     /s/ *Charles E. Cowan*
       CHARLES E. COWAN (MSB #104478)

26

Charles E. Cowan (MSB # 104478)
Rebecca Hawkins (MSB # 8786)
Jack F. Hall (MSB # 106482)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
cec@wisecarter.com
rwh@wisecarter.com
jfh@wisecarter.com

*Counsel for Appellant Hinds, County Mississippi*

# CERTIFICATE OF SERVICE

I certify that on January 5, 2026, the foregoing document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ *Charles E. Cowan*
CHARLES E. COWAN

28

# CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1, it contains 6,537 words; and (2) the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using (14-point Times New Roman) Microsoft Word.

*/s/ Charles E. Cowan*
CHARLES E. COWAN